UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Fitzgerald Hubbard,

Plaintiff,

v.

Duluth Township,

Defendant.

Case No. 25-cv-2477 (KMM/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiff initiated this action, Plaintiff had not provided proof of service of a summons and a copy of the Complaint on Defendant. Accordingly, on March 2, 2026, the Court issued an Order, [Docket No. 15], notifying Plaintiff that the Federal Rules of Civil Procedure require him to demonstrate proof of service upon defendants "within 90 days after the complaint is filed [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve defendants. The Court forewarned Plaintiff that if he failed to comply with this Court's directive in the time permitted, the Court would recommend dismissal of the present action for failure to effect proper service and failure to prosecute. (Order [Docket No. 15]).

The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve defendant has expired, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant him an extension of time to do so. In fact, since the Court issued its March 2, 2026, Order Plaintiff has not had any communication with the Court.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's March 2, 2026, Order. [Docket No. 15]. Plaintiff has failed to offer any explanation as to why he failed to comply with the Court's March 2, 2026, Order. Indeed, Plaintiff has failed to respond in any manner to the Court's March 2, 2026, Order.

Because the Court previously forewarned Plaintiff of the potential consequences of failing to abide by the Court's Order, the Court now recommends that this action be dismissed without prejudice for failure to comply with the Court's March 2, 2026, Order, [Docket No. 15]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.


Dated:  April 15, 2026                                s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).